**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SCOTT MORRIS, ET AL.,       ) | |
|                                  ) | |
|         Plaintiffs,    ) | |
|                                  ) | |
| v.                                    ) | NO. CIV-05-0051-HE |
|                                  ) | |
| JIMMY DALE LONG, d/b/a GONE    ) | |
| TRUCKING ESCORT SERVICE, ET AL.,  ) | |
|                                  ) | |
|        Defendants.    ) | |

**ORDER**

This matter is before the Court on the plaintiffs' voluntary motion to dismiss their complaint pursuant to Federal Rule of Civil Procedure 41(a)(2). Defendant The Karsten Company of New Mexico, L.L.C. (Karsten) has responded in opposition to the motion.[1] Upon review, the Court determines plaintiffs' motion should be granted.

This case stems from the alleged negligence of defendants in manufacturing, transporting and repairing a mobile home purchased by plaintiffs. Plaintiffs filed suit against the defendants in an Oklahoma court on November 19, 2004. Defendant Karsten removed the case to this Court on January 14, 2005, based on diversity of citizenship. Karsten filed its answer on January 21, 2005, and defendant Long filed his answer on January 31, 2005.

Plaintiffs move to voluntarily dismiss their case in order to refile in state court against these defendants and an additional defendant, Winners Homes, Inc. Winners Homes, which is an Oklahoma corporation, is apparently an authorized retailer for Karsten and initially

---

[1]*Defendant Jimmy Dale Long has not responded to the motion to dismiss.*

installed the mobile home after it was delivered to plaintiffs.  Plaintiffs state they did not originally join Winners Homes as a defendant because they were under the mistaken belief that the company was in bankruptcy.  They further indicate they have since learned that the company is not in bankruptcy and therefore seek to dismiss this action in order to proceed in state court against all parties involved in the manufacture, delivery and setup of their mobile home.[2]  Karsten opposes the plaintiffs' request for dismissal claiming it would suffer unfair prejudice.

Rule 41(a)(2) governs voluntary dismissals after a defendant has filed its answer or a motion for summary judgment.  As an answer has been filed by the defendants in this case, an order of the Court is required before plaintiffs may voluntarily dismiss their cause of action.  See Fed.R.Civ.P. 41(a)(2) ("[A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.").  "The purpose of this rule is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." County of Santa Fe, N.M. v. Pub. Serv. Co. of N.M., 311 F.3d 1031, 1047 (10th Cir. 2002) (internal quotations and citations omitted).  Even in the case of a removed action, see Am. Nat'l Bank and Trust Co. of Sapulpa v. BIC Corp., 931 F.2d 1411, 1413 (10th Cir. 1991) ("Rule 41(a)(2) provides no guarantee of federal jurisdiction to protect a removed action."), a court should normally grant such a dismissal if no legal prejudice to the defendant is shown.  Ohlander

---

[2]*Plaintiffs' request to join Winners Homes as a non-diverse defendant was denied by this Court on May 18, 2005.*

v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997).

In determining legal prejudice to the defendant, the Court should consider, among other relevant factors, the opposing party's effort and expense in preparing for trial, whether there has been an excessive delay and lack of diligence on the part of the plaintiff, whether the plaintiff's explanation of the need for a dismissal is sufficient, and the present stage of litigation. Ohlander, 114 F.3d at 1537. "Each factor need not be resolved in favor of the moving party for dismissal to be appropriate, nor need each factor be resolved in favor of the opposing party for denial of the motion to be proper." Id. However, in reaching its conclusion, the Court "should endeavor to insure substantial justice is accorded to both parties." Id. Accordingly, the Court must consider not only the equities facing the defendant, but also the equities facing the plaintiffs. Id.

Applying the above factors to the instant case, the Court concludes Karsten will not suffer legal prejudice if this case is dismissed. First, the expense and time involved in this case is not so substantial as to significantly prejudice defendants, as no dispositive motions have been filed and only preliminary discovery has taken place.[3] Second, their has been no excessive delay or lack of diligence on the part of plaintiffs as they filed their motion to dismiss soon after learning that Winners Homes was not in bankruptcy. Third, plaintiffs have offered a plausible explanation for their failure to join Winners Homes as a party in the first instance. Further their desire to avoid piecemeal litigation by refiling in state court is

---

[3]*Apparently, the parties have taken no depositions but have responded to interrogatories. In addition, the parties have conducted an onsite inspection of the mobile home.*

understandable and, under the present circumstance, unobjectionable. See Brown v. Baeke, ___ F.3d ___, 2005 WL 1484718, (10th Cir. June 23, 2005) ("Prejudice does not arise simply because a second action has been or may be filed against the defendant . . . ."); Am. Nat'l Bank and Trust Co. of Sapulpa, 931 F.2d at 1413 ("[I]t is not an abuse of discretion for the district court to dismiss an action without prejudice even where the plaintiff's only motive is to recommence the action in state court."). Finally, this case is not at an advanced stage as discovery has not been completed, no dispositive motions have been filed and the trial is not scheduled until **January of 2006**. Taking all of these factors into account, the Court concludes the plaintiffs' voluntary motion to dismiss without prejudice should be and is **GRANTED**. The Court does so with the expectation that plaintiffs will consent to the use, in any subsequent state court action, of any pertinent discovery materials already produced in this case. The Court concludes, however, that the resolution of any dispute in that regard is appropriately left to the state court in which the action is re-filed.

Plaintiffs' motion to dismiss without prejudice is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 27th day of June, 2005.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE